IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 1 7 2022

RICK WARREN
COURT CLERK

45_____

BRYSON DELONEY, )
an individual, )
 )
 )
Plaintiff, )
 )
v. ) Case No. CJ-2021-5421
 )
CITY OF WARR ACRES, A )
MUNICIPAL CORPORATION )
 )
 )
& )
 )
WARR ACRES POLICE DEPARTMENT )
 )
 )
Defendants. )

## FIRST AMENDED PETITION

COMES NOW, Plaintiff Bryson Deloney (hereinafter "Plaintiff"), by and through his attorney of record, Roderick Hinton, and for his causes of actions against the above-named Defendants, alleges and states as follows:

### I.
### PARTIES

1. The Plaintiff, Mr. Deloney, at all times relevant to the claims alleged herein, resided in Oklahoma County, State of Oklahoma.

2. Defendant City of Warr Acres is a municipality situated primarily in Oklahoma County, Oklahoma and Warr Acres Police Department is a department within the City of Warr Acres.

3. Officer Colt Smith, was at all times relevant to the claims alleged herein, acting under the color of Oklahoma law and within the course and scope of their employment with the Warr Acres Police Department ("WAPD") pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151 *et seq* until each acted in their individual

**EXHIBIT 3**

capacities.

## II.

## JURISDICTION AND VENUE

4. On or about March 22, 2021, Plaintiff properly gave notice of a Tort Claim pursuant to 51 O.S. §§ 151 *et seq.*, to the City through its City Clerk's Office, and accordingly has complied with all pre-filing requirements set forth therein. Plaintiff's Tort Claim was denied on or about June 21, 2021. Plaintiff timely brought his claims within one hundred eighty (180) days of said denial.

5. The facts giving rise to the claims alleged herein occurred within Oklahoma County, State of Oklahoma.

6. Jurisdiction is proper in the State of Oklahoma, as the parties are residents of or do business in the State of Oklahoma.

7. Venue is proper in the Oklahoma County District Court pursuant to 12 O.S. § 133, which states that "an action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties" must be brought in the county where the cause, or part thereof arose.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the paragraphs set forth above as though fully set forth herein.

9. On March 22, 2020, Plaintiff suffered an epileptic episode at 6014 NW 53rd Ter. Warr Acres, OK 73122, and the family of the Plaintiff notified Warr Acres Dispatch of the need for medical assistance at the family residence.

10. Upon receiving the 911 call for medical help, the Warr Acres Fire Department was sent to the family residence at 6014 NW 53rd Ter. Warr Acres, OK 73122 to assist with the medical emergency.

11. Upon arriving to the residence, the Warr Acres Fire Department encountered the Plaintiff amidst an epileptic episode on the sidewalk outside of the house and began to provide medical assistance.

12. Along with the Warr Acres Fire Department, the Warr Acres Police Department also showed up to the residence.

13. At no time had any call been made to the Warr Acres dispatch requesting the presence of the Warr Acres Police Department for any disturbances or threatening situations.

14. Officer Smith arrived on the scene and encountered the Plaintiff during his epileptic episode, and the Plaintiff's family who were anxiously assessing the situation.

15. After arriving at the residence, Officer Smith callously began to antagonize the family of the Plaintiff, more specifically the mother of the Plaintiff, Jordaesha Burleson who was extremely concerned for the wellbeing of her son.

16. Even though Officer Smith was there for a medical emergency, Officer Smith began to threaten Plaintiff's mother that he would arrest her if she continued to talk back to him, as he didn't care for her attitude towards him.

17. Plaintiff's mother, aware of her rights and the fact that she has committed no illegal acts turns to walk back in her house after the threats made by Officer Smith.

18. Officer Smith then barges into the Plaintiff's residence, and tackles Plaintiff's mother knocking over a baby guard rail.

19. As the Plaintiff's mother attempts to get up, Officer Smith then punches the Plaintiff's mother in the forehead, and wrestles her to the ground.

20. Other members of the Warr Acres Police Department also barge into the Plaintiff's residence.

21. About this time, the Plaintiff began to come to from his epileptic episode and hears his mother crying for help.

22. Not aware of anything that has occurred, Plaintiff runs into the house and sees men assaulting his mother and tries to aid her.

23. Officer Smith then punches the Plaintiff in the face and solar plexus and deploys his taser on the Plaintiff mere minutes after he had just suffered an epileptic episode.

24. After the deployment of the taser, Officer Smith began to attack the Plaintiff again, and other officers of the Warr Acres Police Department began to assault the Plaintiff as well, hitting him all over the body with their fist and blunt objects, doling out a serious beating.

25. Ironically neither the Plaintiff nor his mother were placed under arrest at the conclusion of these tragic events and were both allowed to leave of their own free will to seek medical attention.

26. After the beatdown at the hands of Officer Smith and other officers from the Warr Acres Police Department, Plaintiff was transported by his family to Integris Health where he received staples for a head laceration, a diagnosis of a fractured right wrist and a sprain of his left wrist and elbow along with numerous contusions and scrapes.

27. On June 8, 2020, the State of Oklahoma filed a criminal information against Bryson Deloney, alleging Assault and Battery, a misdemeanor in violation of 21 O.S. § 644(B).

28. On January 27, 2021, charges against Bryson Deloney were dismissed by the State of Oklahoma.

29. Among other damages, Plaintiff will be seeking damages for his physical injuries, pain and suffering, damages to his reputation, damages for embarrassment and humiliation, and other economic and non-economic losses.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Assault and Battery)

30. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.

31. The actions of Officer Smith were intentional and designed to cause injury to the Plaintiff and did cause injury to the Plaintiff.

32. Similarly, the actions of Officer Smith were intentional and designed to cause a harmful or offensive contact with the Plaintiff, or to create in the mind of Plaintiff an imminent apprehension of such harmful or offensive contact and, thereby, did put Plaintiff in such imminent apprehension harmful or offensive contact.

33. At the time of the complained of events, the Plaintiff, as a free person, had a clear right to be secure in his person and free from unreasonable seizure through objectively unreasonable excessive force to injure him and his bodily integrity.

34. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

5

35. In the totality of the circumstances, at the time that excessive force was used, the Plaintiff was unarmed and had been subdued by as many as four (4) officers, and thus, posed no immediate threat.

36. The use of force by the Officer Smith under such circumstances was excessive and objectively unreasonable.

37. Officer Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of his freedom and causing him very serious and multiple bodily injuries, as well as mental pain and anguish.

38. As a direct and proximate cause of the tortious conduct of Officer Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages, in amounts to be determined at trial.

39. When the Officer Smith assaulted and battered the Plaintiff, he was acting within the scope of his employment and the Defendant's acts "were incident to... service[s] being performed for their employer or arose out of emotional response to actions being taken for the employer." *Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1245. *See also, Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994, 998-99 (Okla. 2013). Thus, in addition to Defendant Smith being liable to the Plaintiff for assaulting and battering him, the City of Warr Acres and the Warr Acres Police Department is vicariously liable for the conduct of Officer Smith.

40. Asa direct and proximate cause of the assault and battery inflicted by all of the Defendants, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling

the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

### Second Claim for Relief
### (Excessive Use of Force)
### (4th Amendment; 42 U.S.C. § 1983)

41. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.

42. Plaintiff, as a free person, had a clearly established constitutional right under the Fourth Amendment to be secure in his person and free from unreasonable seizure through objectively unreasonable excessive force to cause him injury.

43. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. As described above, at the time that the Plaintiff was injured, he had just come to from an epileptic episode, he was unarmed, was incapacitated as a result of Officer Smith's deployment of his taser, posed no immediate threat, and was not resisting the officers.

45. The use of such force, the beatdown described above, by Officer S m i t h under such circumstances was excessive, objectively unreasonable, contrary to training, policy, and established standards of law enforcement practice.

46. Officer Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of his freedom and causing him very serious and multiple bodily injuries, as well as mental pain and anguish.

47. The excessive use of force described herein, also involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

48. As a direct and proximate cause of the use of excessive force, in violation of the 4th Amendment

7

and 42 U.S.C. § 1983, by Officer Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

## Third Claim for Relief
### (Excessive Use of Force Against)
### (8th &14th Amendment; 42 U.S.C. § 1983)

49. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.

50. Plaintiff, as a free person, was deprived without due process of his right not to be subjected to cruel and unusual punishment under the Eight and Fourteenth Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

51. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

52. As described above, at the time that the Plaintiff was injured, he had just come to from an epileptic episode, he was unarmed, was incapacitated as a result of Officer Smith's deployment of his taser, posed no immediate threat, and was not resisting the officers.

53. The use of such force, the beatdown described above, by Officer Smith under such circumstances was excessive, objectively unreasonable, contrary to training, policy, and established standards of law enforcement practice.

54. Officer Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of his freedom and causing him very serious and multiple bodily injuries, as well as mental pain and anguish.

55. The excessive use of force described herein, also involved reckless, callous and deliberate

indifference to Plaintiff's federally protected rights.

56. As a direct and proximate cause of the use of excessive force, in violation of the 8th and 14th Amendment and 42 U.S.C. § 1983, by Officer Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

WHEREFORE, based on the foregoing, Plaintiff Bryson Deloney prays that this Court grant the relief sought, including, but not limited to, actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney fees, and all other relief deemed appropriate by this court.

Respectfully Submitted,

By: s/Roderick Hinton
Roderick V. Hinton, OBA# 32425
Hinton Legal Group, PLLC
8051 N. Classen Blvd., #F
OKC, OK 73114
P: (405)474-5919
Email: rhinton@hintonlegalgroup.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of June, 2022, a true and correct copy of the within and foregoing instrument was mailed by First Class mail, postage prepaid, faxed, or hand delivered to the following persons:

City of Warr Acres
4301 N Ann Arbor Ave.
Warr Acres Oklahoma 73122

Warr Acres Police Department
5901 NW 42nd St.
Warr Acres, Oklahoma 73122

S/Roderick Hinton
Roderick V. Hinton, OBA #32425
Hinton Legal Group, PLLC
8051 N. Classen Blvd, Suite F
Oklahoma City, OK 73114
Telephone: (405) 474-5919
rhinton@hintonlegalgroup.com

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| BRYSON DELONEY,<br>an individual,<br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF WARR ACRES, A<br>MUNICIPAL CORPORATION<br><br>&<br><br>WARR ACRES POLICE DEPARTMENT<br><br>　　　　　Defendants. | )<br>)<br>)<br>)  Case No. CJ-2021-5421<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**　　**CITY OF WARR ACRES**
　　　　　　　　　　　　　　　　　　　　　　4301 N Ann Arbor Ave.
　　　　　　　　　　　　　　　　　　　　　　Warr Acres, Oklahoma 73122

You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. **Unless you answer the Petition within the time stated, judgment will be rendered against you for the relief demanded in the Petition, together with the costs of this action.**

Issued this __17__ day of __June__, 2022　　**RICK WARREN, Court Clerk**
　　　　　　　　　　　　　　　　　　　　　　COUNTY COURT CLERK
(SEAL)　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Deputy Court Clerk

Roderick V. Hinton OBA #32425
HINTON LEGAL GROUP, PLLC
8051 N. Classen Blvd., #F
Oklahoma City, OK 73114
Telephone: (405) 474-5919
Email: rhinton@hintonlegalgroup.com
*ATTORNEY FOR PLAINTIFF*

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR RESPONSE. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT A TIMELY RESPONSE MAY BE FILED.**