UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRYSON DELONEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-576-G |
| | ) |
| **CITY OF WARR ACRES,** a municipal corporation, | ) ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is a Motion to Consolidate (Doc. No. 12) filed by Defendant City of Warr Acres. Plaintiff Bryson Deloney has not responded; however, the Motion states that Plaintiff is opposed to the relief requested therein.

Defendant seeks to consolidate the instant case with *Jordaesha Burleson v. City of Warr Acres et al.*, No. CIV-22-575-G, pursuant to Rule 42 of the Federal Rules of Civil Procedure.

> Rule 42(a) permits a district court to consolidate actions "involv[ing] a common question of fact or law." Rule 42(a), Fed. R. Civ. P. The decision to consolidate cases "which appear to be of like nature and concern themselves with the same or similar questions rests within the sound discretion of the trial court." *Skirvin v. Mesta*, 141 F.2d 668, 672-73 (10th Cir. 1944) (citing *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 286 (1892)). The party seeking consolidation has the burden to show the benefits of consolidation or the risk of injury to the moving party if the actions are not consolidated. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The mere fact that a defendant has been sued in separate cases involving similar subject matter does not require a court grant a motion to consolidate. *PHR, LLC v. Leland*, 2007 WL 4268772, *4 (N.D. Okla. Nov. 30, 2007) (citing *American Emp. Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269-70 (10th Cir. 1976)).

*Wedel Grp. XVIII, LLC v. Emps. Mut. Cas. Co.*, No. CIV-11-1113-F, 2011 WL 13116080, at *1 (W.D. Okla. Dec. 16, 2011) (alteration in original).

The Court concludes that Defendant has not shown that consolidation of this action with *Burleson* is warranted at this time. Although both lawsuits arise out of the same incident and are brought against Defendant, they are brought by separate plaintiffs who allege distinct injuries and damages. While Defendant cites efficiencies regarding joint discovery and depositions, the parties are free to stipulate to discovery modifications regardless of whether these actions are formally consolidated. *See* Fed. R. Civ. P. 29.

Accordingly, Defendant's Motion to Consolidate (Doc. No. 12) is DENIED without prejudice. If it should appear to Defendant later in the proceedings that consolidation of this action with *Burleson* is warranted—e.g., for pretrial hearings or trial—Defendant may re-urge its request to the Court.

IT IS SO ORDERED this 24th day of February, 2023.

/s/ Charles B. Goodwin
CHARLES B. GOODWIN
United States District Judge